MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Ste 3304
Honolulu, Hawaii 96813
Telephone: (808) 525-8584
Facsimile: (808) 525-8534
E-mail: healy.lawyer@hawaiiantel.net

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, Hawaii 96813
Telephone (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honlaw@lava.net

Attorneys for Plaintiff
Edmund Morales

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 JUN -8 PM 2: 29

S. TAMANAHA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| EDMUND MORALES, | Civil No. 12-1-1620-06 RAN |
| Plaintiff, | (Other Civil Action) |
| vs. | Complaint; Summons |
| AMERICAN GUARD, LLC, AMERICAN GUARD SERVICES, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5, | |
| Defendants. | |

Complaint; Summons

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

Exhibit A

COMES NOW Plaintiff, EDMUND MORALES, by and through his attorneys, Michael P. Healy and Charles H. Brower, and for causes of action against Defendants, alleges and avers as follows:

## FACTS

1. Plaintiff EDMUND MORALES is and was as all times mentioned herein a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant AMERICAN GUARD, LLC, which owns and operates the AMERICAN GUARD SERVICES( hereinafter "AMERICAN GUARD") is a corporation incorporated in the State of Hawaii, with its principal place of business in the City and County of Honolulu, State of Hawaii.

3. The Defendants names in this Complaint under the names of JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5 AND DOE GOVERNMENTAL AGENCIES 1-5 (hereinafter "DOE DEFENDANTS") are persons, organizations, or entities whose identities at the present time are unknown to Plaintiff despite the exercise of due diligence. They are sued in this Complaint under fictitious names. Investigation as to the true identities was conducted by Plaintiff. Investigation as to the identity of DOE DEFENDANTS continues and Plaintiff is informed and believes and thereupon alleges that direct or indirect conduct of these other Defendants, presently unknown to Plaintiff, was or may have been a proximate cause of the incident complained of and/or the damage or loss thereby sustained by Plaintiff as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to Plaintiff for the said losses sustained, inasmuch as the conduct of each

Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

4. On or about August 29, 2006, Plaintiff began employment at the AMERICAN GUARD as a Security Officer. Plaintiff is a Filipino male who was born and raised in the Philippines.

5. On or about October 2006, Plaintiff began working as a screener at piers 2, 10 and 11, in Honolulu. His job duties entailed screening passengers before they boarded cruise line ships docked at those piers, and working at other posts at the piers to ensure that other ships did not get too close to the cruise ships.

6. On or about 2009 Plaintiff was given the additional responsibility of being a lead screener for AMERICAN GUARD. He also acted as the assistant supervisor whenever the assigned assistant supervisor had to leave the area.

7. On or about November 20, 2010, Plaintiff worked as the lead screener at piers 10 and 11. Plaintiff noticed that Jackleen Otto, a Micronesian female employee, had improperly signed the log book to work back to back thirty minutes rotations as a screener on the same machine. Plaintiff advised Jackleen Otto that she could not work back to back rotations as a screener on the same machine as it was against AMERICAN GUARD policies. Jackleen Otto became angry and yelled at Plaintiff and then threw a personal belongings bin, weighing approximately one to two pounds, directly at Plaintiff hitting him in the left knee. Plaintiff and Jackleen Otto were both questioned about the incident immediately thereafter and Jackleen Otto accused Plaintiff of threatening to kill her after she hit him with the bin. Plaintiff denied making any threat. Jackleen Otto admitted violating the policy against back to back screening duties on the same machine

and throwing a bin at and hitting Plaintiff in anger. AMERICAN GUARD sent Plaintiff home for the rest of the shift that day but allowed Jackleen Otto to complete her shift. Plaintiff was told that he would receive a call informing him when to return to work. Plaintiff found out sometime in December 2010, when he called AMERICAN GUARD that he had been terminated. Jackleen Otto was not terminated or disciplined for her actions in this incident even though she admitted hitting Plaintiff with the bin in anger. Plaintiff was never given any documentation from AMERICAN GUARD about his termination and was never given an opportunity to confront Jackleen Otto about her allegations.

8. On November 22, 2010, Plaintiff saw his primary care provider for the injuries he sustained when Jackleen Otto hit him with the bin. Plaintiff's doctor ordered x-rays of Plaintiff's left knee the same day. The x-rays were negative for a fracture but Plaintiff was noted to be in pain.

9. Plaintiff was a good employee with a good work history. Although he performed his job satisfactorily during his nearly four years of employment at AMERICAN GUARD he never received a raise above his starting hourly pay of $9.00.

10. On March 17, 2011, Plaintiff completed a Hawaii Civil Rights Commission (HCRC) Pre-Complaint Questionnaire and on June 14, 2011, HCRC filed a Notice of Charge of Discrimination which was assigned (EEOC) Charge No. 486-2011-00238.

11. On March 13, 2012, the EEOC issued a Notice of Dismissal and Right to Sue, and this lawsuit is filed pursuant to the aforesaid.

12. The Charge of Discrimination to the EEOC alleged discrimination in the terms and conditions of terminating him from employment due to race (Filipino) and gender (male).

## COUNT I

### VIOLATION OF DISCRIMINATION LAWS

13. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

14. The actions of Defendant's agents and employees were in violation of Hawaii Revised Statutes § 378-2 (1) (A) and (3) in that Plaintiff suffered discrimination in terms, conditions, and privileges of employment due to gender (male) and race (Filipino) and in violation of Federal law under Title VII of the Civil Rights Act of 1964, as amended.

15. Plaintiff seeks an award of all damages to which he is entitled including loss of income in an amount to be proven at trial for the discrimination aforesaid.

## COUNT II

### INFLICTION OF EMOTIONAL DISTRESS

16. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

17. The discrimination alleged herein caused Plaintiff to suffer sever emotional distress due to intentional and/or negligent infliction of emotional distress by the actions of Defendant's agents and employees for which Plaintiff is entitled to an award of damages to be proven at trial.

## COUNT III

## NEGLIGENCE

18. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

19. The representatives of AMERICAN GUARD were negligent in their handling of the investigation regarding the incident resulting in Plaintiff's termination.

20. The negligence as aforesaid has caused Plaintiff damages to be proved at trial.

21. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. Reinstatement to Plaintiff's position with full benefits reinstated; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For damages for infliction of emotional distress; and

E. For punitive damages; and

F. For attorney's fees, costs, and interest, including prejudgment interest; and

G. For such other relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED:    Honolulu, Hawaii, __JUNE 8_____, 2012.

_/s/ Michael P. Healy_
MICHAEL P. HEALY
CHARLES H. BROWER
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| EDMUND MORALES,<br><br>             Plaintiff,<br><br>vs.<br><br>AMERICAN GUARD, LLC, AMERICAN GUARD SERVICES, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>             Defendants. | Civil No._____<br>(Other Civil Action)<br><br>Complaint; Summons |

TO THE DEFENDANTS:

You are hereby summoned and required to file with the Court and to serve upon Plaintiff's attorney, whose address is stated above, and answer to the complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE DISTRICT OF CIRCUIT COURTS PERMITS, IN WRITING ON THE SUMMONS, PERSONAL DELIVERY DURING THOISE HOURTS.

FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED

DATED: Honolulu, Hawaii,    JUN - 8 2012

                       S. TAMANAHA   (SEAL)
                       CLERK OF THE COURT